## ASKEW v. THE JOHN J. VOGELPOHL CO.

(Decided February 11, 1929.)

*Messrs. Tooker & Strasser,* for plaintiff in error.
*Mr. Paul V. Connolly,* for defendant in error.

Ross, J. The defendant in error recovered a judgment in the municipal court of Cincinnati against the plaintiff in error Louis S. Askew in a suit on an open account. The case was heard to the court without a jury. The judgment of the municipal court was affirmed by the court of common pleas of Hamilton county. The case comes into this court on error from that judgment.

The assignments of error are: (1) That the court of common pleas erred in affirming the judgment of the municipal court. (2) That the judgment of the

municipal court was contrary to law and against the weight of the evidence.

The answer sets forth first, a general denial; and, further, that the agent of the defendant in error, at the time the contract for the work was let, agreed to install in working order certain septic tanks and cesspools, and that the defendant in error did not install the said tanks and cesspools as per the original contract agreement; that a portion of the money sued for covered charges amounting to $234.06, made by the defendant in error in attempting to place said tanks and cesspools in a workable condition; that the plaintiff in error was compelled to and did employ another plumber to place these tanks and cesspools in a workable condition, at a cost of $108.20. There was a prayer to dismiss the petition.

The contract relied upon was in the form of correspondence between the parties, and, as far as it relates to the matter in dispute, provided:

"We propose to furnish labor and material required to install plumbing system in residence you propose to construct on Spring Lawn avenue, according to the plans and the following specifications:

"Sanitary Sewer.

"From point where cast iron soil pipe extends thru wall at side of house extend stone pipe line to a point 10 feet in rear of house. At this point furnish and install 1 Perfection Septic Tank, complete, including 200 feet of Farm tile Cinders, etc. Septic Tank *to receive waste* from the Bathroom Fixtures and the Kitchen Sink. Dig and refill all trenches."

The evidence is undisputed that the septic tank installed refused to work, by reason of the fact that the ground in which it was placed consisted of blue clay.

There is a sharp conflict in the testimony upon the subject whether the owner, the plaintiff in error, was advised by the defendant in error that the tanks would not work previous to their installation. There is no claim that the tanks were not good serviceable tanks and installed in a workmanlike manner. The only criticism is that they would not function, due to the surrounding soil, and, while *they received the waste,* they did not dispose of it.

It is urged on the part of the plaintiff in error that the language of the contract, above quoted, coupled with the installation of the device in question, imposed an implied guaranty on the part of the defendant in error that the device would function satisfactorily in the place it was installed. This is the sole question in the case, and we feel constrained to hold that no such implied guaranty is contained in the language of the contract, nor does such implied guaranty arise from the installation of such a device as is involved in this case.

Plaintiff in error testified that there was a direct guaranty made by the defendant in error, and this was denied by defendant in error; but the trial court evidently found that there was no express guaranty, and we feel that this court has no right to disturb that finding in view of the evidence.

We think there is no evidence in the case indicating any gross mistake in the judgment of the trial court. For this reason, and because there is no prejudicial error apparent in the record, the judgment of the court of common pleas, affirming the judgment of the municipal court, is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.